## ALAMO CITY BUSINESS COLLEGE v. EARTHMAN. (No. 2268.)

Court of Civil Appeals of Texas. El Paso. May 2, 1929.

Rehearing Denied May 30, 1929.

Jno. C. Wall and Boyle, Wheeler & Gresham, all of San Antonio, for appellant.

Davis & Wright and E. B. Simmons, all of San Antonio, for appellee.

WALTHALL, J. James Earthman brought this suit against Alamo City Business College to recover compensation alleged to be due him as a real estate broker and agent.

In November, 1925, Wilson Shafer, O. E. Bauer, and G. W. Earthman were associated together as copartners and doing business as such in the city of San Antonio, Tex., under the partnership name of Alamo City. Commercial & Business College. The partnership was organized for the purpose of conducting a business college and giving instruction on business subjects, and occupied the second floor of the Woolworth building in San Antonio, upon which space they had obtained a 10-year lease.

Plaintiff alleged that on or about November, 1925, he was employed by said copartnership, acting through G. W. Earthman, one of said partners, to secure a lease for the partnership on the third floor of the said building, the purpose of the change of floors in the building being to reduce operating expenses and to secure a profit off the sublease of the second floor. Plaintiff was to secure a tenant for the second floor who would pay a sum in excess of what the partnership was obligated to pay during the term of their lease, and for said services the partnership, it was agreed, would pay him a reasonable compensation for his services. He alleges that pursuant to such employment he commenced to secure the lease for the third floor and to secure sublease for the second floor, and that while so engaged said copartnership decided to and did incorporate, and that plaintiff continued his efforts to effect the objects of his employment, and with the full knowledge, consent and acquiescence of said corporation and under the express authority from its agents and officers managing and directing its affairs. Without stating in detail his allegation as to what he accomplished, he alleged that he procured a lease for the corporation (the business college) for the third floor of said building for

the period of 10 years, stating the rental value per month, and which lease was satisfactory to defendant. He alleges he procured a tenant for the second floor, which tenant did sublease from defendant said second floor, stating the consideration per month for the remainder of the defendant's 10-year lease period.

Defendant answered by exceptions, general and special, and general denial.

The case was submitted to a jury upon special issues. The jury found:

1. G. W. Earthman on or about the 26th day of November, 1925, employed plaintiff to secure for said college (appellant) a lease of the third floor of the Woolworth building and to sublease the second floor thereof.

1a. In employing plaintiff Earthman was acting for the partnership.

2. After the incorporation of said college, plaintiff with full knowledge, consent, and acquiescence of said corporation and under express authority from its agents and officers managing and directing its affairs continued his efforts to secure said leases.

3, 4. On the 15th day of May, 1926, plaintiff procured for said college a lease for the third floor and sublease for the second floor of said building.

(5, 6, 7, and 8 are rendered immaterial by a special finding and by the court's judgment.)

9. $478.12 was found to be a reasonable value for plaintiff's services in securing the leases.

Judgment was entered for plaintiff against defendant as incorporated for the amount found by the jury, with interest from the date of the judgment. Defendant prosecutes this appeal.

While appellant presents several propositions, they may be considered together under one discussion. The Alamo City Commercial & Business College, with which appellee entered into his contract of employment, was a nontrading partnership. G. W. Earthman, with whom appellee dealt in entering into the contract with appellee to secure for the partnership the lease of the third floor and the sublease of the second floor, was one of the partners in said partnership. Appellant submits that, the evidence failing to show any ratification of the partner Earthman's acts by the other two members of the partnership, or by appellant, in entering into said contract of employment, the court should have instructed a verdict for appellant.

The record shows that the partnership had in contemplation the leasing of the third floor and the subleasing of the second floor of the Woolworth building prior to and at the time Earthman entered into the contract of employment with appellee, so that the service contracted to be performed by Earthman may fairly be implied to be within the scope of partnership business, though not within the scope of the particular business for which the partnership was founded.

The rule is general that in partnerships each partner becomes the agent of the partnership and the authority to bind the firm is implied. We recognize the distinction made between a trading and a nontrading partnership, but we are not prepared to say that securing a more satisfactory place at which to carry on the particular partnership business is not within the power of a partner to contract, and especially would that be so where the partnership contemplated and desired that such should be done. The court did not submit to the jury whether the partnership, before it incorporated, ratified the act of Earthman in making the contract, but on issues submitted the jury found that, with full knowledge, consent, and acquiescence of the corporation, and under the express authority from its agents and officers managing its affairs, appellee continued his efforts to do the things contracted, and procured for appellant an acceptable lease and lessee. The uncontroverted evidence further shows that appellant accepted the service performed—that is, leased the third floor of the building and subleased the second—and all to its financial benefit.

We have found no reversible error, and the case is affirmed.

Affirmed.